**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| BOATHOUSE GROUP, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: |
| TIGERLOGIC CORPORATION, | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff Boathouse Group, Inc. ("Boathouse") alleges as follows:

**NATURE OF THE ACTION**

1.      This action arises from the unauthorized use of Boathouse's trademark

POSTPOST by Defendant TigerLogic Corporation ("TigerLogic") for purposes of promoting a

nearly identical product.  By using the same trademark, there is a high likelihood that the

products of the plaintiff and defendant will be confused with each other by consumers, or that

consumers will believe that there is a sponsorship or association between Boathouse's

POSTPOST and TigerLogic's POSTPOST. Consequently, Boathouse seeks injunctive relief and

damages under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and Massachusetts common law.

**THE PARTIES**

2.      Plaintiff Boathouse Group, Inc. is a Delaware corporation with a principal place

of business at 260 Charles Street, Waltham, Massachusetts, 02453.

3.      On information and belief, Defendant TigerLogic Corporation is a Delaware

corporation with its principal place of business at 25A Technology Drive, Suite 100, Irvine,

California 92618.

**JURISDICTION AND VENUE**

4.      This Court has personal jurisdiction over TigerLogic because, on information and

belief, TigerLogic conducts or has conducted business, as well as advertises its products and

services, in the Commonwealth of Massachusetts and within this judicial district, and the effects

of those acts have been felt in this district.  On information and belief, TigerLogic also has at

least one employee or sales agent in Massachusetts.

5.      Additionally, upon information and belief, this Court has personal jurisdiction

over TigerLogic because TigerLogic has committed acts of infringement in this district with

regard to the subject matter of this action.

6.      This action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* and

Massachusetts common law.  This Court has jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.  This Court has supplemental jurisdiction over

the state law claim pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**FACTS**

**Boathouse's Business and Prior Use of the POSTPOST Mark**

8.      Boathouse is an independent advertising agency located in Waltham,

Massachusetts.

9.      In or about May, 2009, Boathouse began developing a social media search and

curation application that would allow users of social network platforms such as Twitter, Flickr,

RSS, and others to conduct keyword searches of the content of their own and others' written

contributions to those platforms and then organize that content in a form convenient to the user.

10.      Boathouse invested a significant amount of time and money in the project and, on

or about August 31, 2010, launched the search tool under the name POSTPOST, at the website

http://www.postpo.st.

11.     The term "POSTPOST" was originated by a Boathouse employee and had not previously been used to describe social media search service or any other product or service of which Boathouse is aware. Since at least August 31, 2010, Boathouse has continuously used the POSTPOST mark to identify its social media search application.

12.     Since August 31, 2010, Boathouse's POSTPOST application has allowed users to search historical content stored on Twitter, Flickr, and RSS.  Boathouse has been working towards expanding the use of its POSTPOST application into additional social network platforms, including Facebook.

13.     Beginning in August 2010, Boathouse marketed its POSTPOST application to users through various channels on the internet, including on Twitter and internet weblogs.

14.     Boathouse's website for the POSTPOST search application, http://www.postpo.st, features the POSTPOST mark.  Boathouse uses the POSTPOST trademark as a web address to make it easy for users to locate its website.

15.     Upon entering the http://www.postpo.st website, users are prompted to enter a search term under a banner that reads as follows: "See what the people you follow said about … anything."  Directly under the search window, the POSTPOST home page informs users that POSTPOST searches for the specified search term from content published by "the people you follow" on several social network platforms, including Twitter, Flickr, and RSS.

16.     For example, once a Twitter user enters a search term, the http://www.postpo.st website prompts the user to sign in to Twitter, thereby making available the Twitter history of the user and those whom he or she "follows."  The website then redirects the user back to http://www.postpo.st, where the social media search results are rearranged and displayed. Boathouse's POSTPOST service works in a similar fashion with regard to Flickr and RSS.

17.     On December 7, 2010, Boathouse filed an application for registration of the

mark POSTPOST in International Class 042 with the U.S. Patent and Trademark Office.  The

application, assigned serial number 85192538, claims use of POSTPOST in connection with

computer services, namely providing search engines and online non-downloadable software for

searching, aggregating, indexing, storing, organizing, managing and sharing data on social

networks.

18.     Through its use since at least August 31, 2010, Boathouse also owns common law

trademark rights in the use of POSTPOST with respect to social media, including use in

connection with the services and activities identified in the application for registration.

**TigerLogic's Business and Infringing Use of the POSTPOST Mark**

19.     TigerLogic markets and promotes services and programs that are identical or

similar to Boathouse's search tool services under the POSTPOST mark, including via its

website, http://www.tigerlogic.com.

20.     On or about December 7, 2010, TigerLogic announced the launch of a social

media search and curation application that it called POSTPOST, which performs the same

functionality as Boathouse's POSTPOST application, but on the popular social network site

Facebook.

21.     TigerLogic operates its POSTPOST application on the website

http://www.postpost.com.  The homepage of TigerLogic's application urges users to "Connect

with Facebook to see all the interesting news, videos and photos your friends and liked pages

have posted!"

22.     To launch TigerLogic's POSTPOST application, a user must sign in to Facebook,

thereby making available the Facebook history of the user and those whom he or she has

"friended," in the same way that Boathouse's POSTPOST works with the Twitter history of the

people that the user has "followed."  The TigerLogic application then rearranges the results into

a newspaper format and allows the user to "curate" the look of the newspaper by conducting

keyword searches.

23.     At the time TigerLogic launched its application, Boathouse had been using the

POSTPOST mark and the postpo.st website for several months.

24.     TigerLogic announced the launch of its POSTPOST application with a press

release.  Upon information and belief, that release was distributed nationally, including into

Massachusetts.  Several national publications, including CNN.com and TIME.com reported on

TigerLogic's launch of its POSTPOST application.  News agencies specifically targeting

Massachusetts residents, including WCVB-TV5's BostonChannel.com, and the website of ABC6

serving New Bedford, also distributed news regarding the launch of TigerLogic's application.

25.     TigerLogic's use of the POSTPOST mark has already caused confusion in the

marketplace and is likely to continue to cause confusion.  For example, within hours of

TigerLogic's public announcement, one Twitter user wrote, in reference to TigerLogic's

application: ". . . at first I thought it was http://postpo.st/ but the description didn't fit in."

26.     In addition, the public launch of TigerLogic's POSTPOST has negatively affected

Boathouse's GOOGLE ranking.

## COUNT I
### Trademark Infringement, False Designation of Origin, and Unfair Competition
### Under 15 U.S.C. § 1125(a)

27.     Boathouse realleges and incorporates herein the allegations set forth in the

foregoing paragraphs of this Complaint.

28.     TigerLogic's unauthorized use of the POSTPOST mark constitutes a use in

commerce of a word, term, name symbol, or device, or some combination thereof, or a false

designation of origin, false or misleading description of fact, or false or misleading

representation of fact, which is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association among and between the parties and the two products, or confusion or mistake as to the origin, sponsorship, or approval among and between the parties and the two products.

29.     Boathouse has been, is now, and will be irreparably injured and damaged by TigerLogic's conduct as described above, and unless enjoined by the Court, Boathouse will suffer further harm to its trademark, reputation and goodwill.  This harm constitutes an injury for which Boathouse has no adequate remedy at law.

**COUNT II**
**Common Law Trademark Infringement**

30.     Boathouse realleges and incorporates herein the allegations set forth in the foregoing paragraphs of this Complaint.

31.     TigerLogic's unauthorized use of the POSTPOST mark in connection with its goods and services is likely to cause confusion, or to cause mistake, or to deceive consumers or potential consumers in violation of Massachusetts common law.

32.     Boathouse has been, is now, and will be irreparably injured and damaged by TigerLogic's trademark infringement, and unless enjoined by the Court, Boathouse will suffer further harm to its trademark, reputation and goodwill.  This harm constitutes an injury for which Boathouse has no adequate remedy at law.

**REQUEST FOR RELIEF**

WHEREFORE, Boathouse requests relief as follows:

1.     Enter judgment in favor of Boathouse on all counts;

2.     Enter a preliminary injunction and a permanent injunction restraining TigerLogic and its officers, directors, employees, agents, affiliates, successors, assigns, and all those in privity or acting in concert with them:

6

a. From in any way using, displaying, advertising, copying, imitating, or infringing upon the POSTPOST trademarks;

b. From using or displaying the POSTPOST trademarks or confusingly similar variations thereof in any written or oral advertisements, displays, signs, sales promotions, reservations, the Internet, or in any other public communication in connection with the sale of TigerLogic's products or services;

c. From otherwise infringing upon Boathouse's POSTPOST mark; and

d. From otherwise unfairly competing with Boathouse;

3. Order that TigerLogic account and pay over to Boathouse all gains, profits, and advantages derived from the use of the POSTPOST mark, pursuant to 15 U.S.C. § 1117 and other applicable law;

4. Order that TigerLogic pay Boathouse the damages which Boathouse has sustained by reason of the conduct alleged herein;

5. Order that TigerLogic pay pre-judgment interest on Boathouse's damages as provided in 15 U.S.C. §1117 and other applicable law;

6. Order that TigerLogic pay the costs of this action as provided in 15 U.S.C. § 1117 and other applicable law;

7. Order that TigerLogic pay Boathouse's attorneys' fees as provided by 15 U.S.C. § 1117 and other applicable law; and

8. Grant such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Boathouse hereby demands a jury trial on all claims so triable.

Respectfully submitted,

**BOATHOUSE GROUP, INC.**

By its attorneys,

/s/ Julia Huston
Julia Huston (BBO #562160)
David A. Kluft (BBO #658970)
Foley Hoag LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
Telephone:  617-832-1000
Facsimile:  617-832-7000
jhuston@foleyhoag.com
Dated:  December 9, 2010              dkluft@foleyhoag.com